UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TROY NAPPER<br>a/k/a TROY MOTE | Criminal No. 3:09cr50 (JBA)<br><br>September 27, 2019 |

## RULING GRANTING DEFENDANT'S
## FIRST STEP ACT MOTION FOR RESENTENCING

Defendant Troy Napper[1] moves for relief under the First Step Act of 2018, seeking immediate release or resentencing. ([Doc. ## 36, 38].) While not opposing Defendant's claim of eligibility under the First Step Act, the Government opposes any sentence reduction. ([Doc. # 39].) For the reasons that follow, the Court grants Mr. Napper's motion for resentencing and sentences him to a reduced term of 135 months imprisonment and six years of supervised release.

As background, on May 15, 2009, Mr. Napper pleaded guilty to one count of distribution and possession with intent to distribute 5 grams or more of a mixture containing a detectible amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). ([Doc. # 25].) The Government had previously filed a second offender notice pursuant to 21 U.S.C. § 851,

---

[1] Defendant has been known as Troy Napper throughout these proceedings, and the Court will continue to refer to him as such for clarity. However, the Court acknowledges that Defendant learned that his birth certificate identifies him as "Troy Mote" and that "Mote" is his preferred last name. (*See* Presentence Report ([Doc. # 37-2] at 8.)

which is not put in issue by Defendant's motion. ([Doc. # 14].) Due to his career offender status, Mr. Napper's original Guidelines range was 262-327 months, and as a result of the § 851 notice, he was subject to a mandatory minimum sentence of 10 years. On July 29, 2009, the Court sentenced Mr. Napper outside the Guidelines to 188 months of imprisonment, and eight years of supervised release. ([Doc. # 31].)

Defendant's motion is based on Section 404 of the First Step Act, which provides:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat. 5194.

The Government agrees that Mr. Napper is eligible for a sentence reduction because his conviction on Count one is a "covered offense" under the First Step Act. The Government nonetheless requests that the Court *not* exercise its discretion to reduce Mr. Napper's sentence and argues that he is not entitled to a "plenary resentencing" at which the Court would apply current law to determine whether the career offender enhancement remains applicable.

The Court has carefully considered the parties' analyses of whether a plenary resentencing hearing is permissible under the First Step Act. However, the Court concludes that

under the circumstances of this case, appropriate relief can be granted without weighing in on this difficult issue that has divided the courts. *See United States v. Rose*, 379 F. Supp. 3d 223, 227 (S.D.N.Y. 2019) ("District courts across the country, including within this circuit, have been divided as to defendants' eligibility for relief and the exact nature of the proceedings that sentencing judges should be conducting pursuant to the now-retroactive Fair Sentencing Act, including whether district courts may consider facts that have occurred post-sentencing.") Instead, the Court will resolve Defendant's Motion by considering his revised sentencing range under the Fair Sentencing Act and exercising its "authority to vary from the crack cocaine Guidelines based on policy disagreement with them" and proportionally reducing Defendant's sentence. *Spears v. United States*, 555 U.S. 261, 264 (2009).

In 2009, the Court's sentence varied from the advisory Guidelines range of 262-317 months of imprisonment. The Court imposed a non-Guidelines sentence of 188 months imprisonment. As Mr. Napper calculates, a variance from 262 to 188 months represents an approximately 28% downward variance. At that sentencing, the Court explained the variance by stating that "[s]entencing within the applicable sentencing guidelines is far greater than necessary to serve the objectives of 18 U.S.C. []§ 3553(a). To reflect the seriousness of the defendant's offense of drug trafficking, and to reflect defendant's persistent criminal activities, a lengthy but lesser non-guideline sentence will adequately serve the goals of deterrence and public protection." (Statement of Reasons [Doc. # 37-5] at 3.) The Court noted that the "length of this

non-guidelines sentence also takes into consideration the unwarranted disparities resulting from the cocaine powder/crack guidelines[.]" (*Id.*)

Starting now from the revised Guidelines calculation of 188-235 months imprisonment, the Court again finds that substantially the same considerations that led it to vary downward by 28% in 2009 today counsel varying downward by the same proportion to a sentence of 135 months. To date, Mr. Napper has served approximately 127 months in prison. This lengthy period of incarceration is adequate to serve the purposes of the § 3553(a) factors—namely, the seriousness of Defendant's offense, respect for the law, just punishment, deterrence, and protection of the public—without being greater than necessary. *See United States v. Simons*, 375 F. Supp. 3d 379, 389 (E.D.N.Y. 2019) (noting increased chance of recidivism and unnecessary diversion of resources associated with harsher sentences). This reduction will serve the purposes of the First Step Act and the interests of justice.

Additionally, the Court agrees that if Mr. Napper had originally been sentenced as if Sections 2 and 3 of the Fair Sentencing Act were in effect at the time his covered offense was committed, he would have been subject to a supervised release term of six years to life, rather than the eight-year mandatory minimum to which he was subject in 2009. The Court believes that a six-year term will be adequate to accomplish the goals of supervised release. *See* S. Rep. No. 98-225, 124 (1983) (declaring in relevant part that "the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense").

In reducing Mr. Napper's sentence, the Court acknowledges the Government's justified concerns over Defendant's numerous disciplinary citations while in Bureau of Prisons custody, (Opp. at 16). This record is somewhat mitigated by Defendant's use of Bureau of Prison programming and by the absence of any record of disciplinary citations between November 2017 and the filing of the Addendum to the PSR on March 8, 2019. Further, Mr. Napper argues that his "record in prison is a product of his extensive mental health and substance abuse problems, as well as the extremely dangerous environment in which he finds himself," to which the Government did not respond. (First Step Act Mem. at 13.) The Court agrees with Defendant that his behavioral issues and substance abuse problems "would be better addressed with treatment as a condition of supervised release, or participation in Support Court, rather than with more time in prison." (*Id.* at 15.)

In resentencing Mr. Napper to a term of time of 135 months, with credit for time served, the Court anticipates a high likelihood that Mr. Napper may be eligible for immediate release. (*See* First Step Act Mem. at 5.) The Government is directed to notify the Court by 5:00 p.m. on Tuesday, October 1, 2019 of any objection by the Bureau of Prisons' calculation of good time credit for Mr. Napper and ensure that he is released as soon as he is deemed to be eligible.

In sum, it is ordered that Defendant's Motion under 18 U.S.C. § 3582(c)(1)(B) and § 404(b) of the First Step Act of 2018 is **GRANTED** and the Defendant's previously imposed sentence of imprisonment (*as reflected in the last judgment issued*) of 188 months is reduced to

**135 months** on Count One of the Indictment. The Defendant's term of supervised release (*as reflected in the last judgment issued*) of 96 months is reduced to 72 months.

Except as otherwise provided, all provisions of the judgment dated August 3, 2009 shall remain in effect.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of September 2019.